IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PATRICIA A. COX                                                                 PLAINTIFF

v.                                                                     No. 3:13CV226-SA-JMV

DESOTO COUNTY JAIL OF HERNANDO, ET AL.                          DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Patricia Cox, who challenges the conditions of her confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when she filed this suit. The defendants have moved [30] for summary judgment, the plaintiff has responded to the motion, and the defendants have replied. The matter is ripe for resolution. For the reasons set forth below, the motion [30] by the defendants for summary judgment will be granted and the case dismissed.

**Summary Judgment Standard**

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc.,

477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

First, Ms. Cox has not provided the court with sufficient information to have any of the defendants served with process – and has provided information sufficient to identify only one potential defendant, Ashley Kelly. Ms. Cox has not, however, provided a valid address for Ms. Kelly. This information was, however, provided after the deadline the court set. In addition, though Ms. Cox has

provided medical records showing treatment *after* her release from the DeSoto County Adult Detention Center, she has produced no such records – or even requests for treatment – from her stay at the facility from August 30, 2010, until September 16, 2010. Likewise, the defendants have been unable to find any record of medical treatment or requests for treatment during Ms. Cox's time at the facility. In addition, medical records from after Ms. Cox's release show that she was treated the day of her release for a variety of problems; the focus of her treatment was for psychosis. In addition, she complained of atypical chest pain, likely due to gastroesophageal reflux disease. The next day she was referred to Mobile Crisis at The Med due to psychosis; the doctors determined that her condition was severe enough that she was unsafe to transport by Crisis Assessment staff due to risk of violence to herself or others – and risk of elopement. Three days later, on September 20, 2010, she was released to return home. According to medical records from those three days, she never complained of mistreatment at the jail; indeed, she never even mentioned her stay at the jail.

## No Evidence to Support Allegations

The only evidence supporting Ms. Cox's allegations of mistreatment can be found in the allegations of her complaint and statements in her response to the instant motion for summary judgment. Ms. Cox has provided absolutely no documentation that she was mistreated or injured during her incarceration at the DeSoto County Adult Detention Center. Instead, the available documentary evidence suggests that nothing of note occurred during that time. There are no medical request forms or records of treatment during her stay at the jail. The medical records regarding her treatment immediately after her release are devoid of complaints or symptoms of the kind of physical abuse Ms. Cox has alleged. There is no mention in hospital records of her stay at the jail. On the other hand, hospital personnel found her to be psychotic, combative, and too dangerous for normal transport. After three days of treatment, she was released to go home. Ms. Cox has simply failed to

present competent evidence to support her allegations and defeat the defendants' motion for summary judgment.

The very purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine issue for trial." Advisory Committee Note to the 1963 Amendments to Rule 56. Indeed, "[t]he amendment is not intended to derogate from the solemnity of the pleadings. Rather, it recognizes that despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The non-moving party (the plaintiff in this case), must come forward with proof to support each element of his claim. The plaintiff cannot meet this burden with "some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356, "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3180 (1990), "unsubstantiated assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir. 1994), or by a mere "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). It would undermine the purposes of summary judgment if a party could defeat such a motion simply by "replac[ing] conclusory allegations of the complaint or answer with conclusory allegations of an affidavit."

Other than the bare assertions in her complaint and response to the defendants' motion for summary judgment, the plaintiff has presented no evidence that she was attacked or that her injuries, if any, were more than *de minimis*. The Supreme Court has defined the parameters for Eighth Amendment claims arising out of injuries suffered by prisoners at the hands of prison guards: whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 999, 117 L. Ed. 2d 156 (1992). The absence of serious injury, while relevant to the inquiry, does not preclude relief. *Id.* However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional

recognition *de minimis* uses of physical force, provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Id.* at 10, 112 S. Ct. At 1000. Ms. Cox has provided no proof of such unconscionable conduct or any injury. For these reasons, the defendants' motion for summary judgment will be granted.

### Failure to Serve the Defendants with Process

Ms. Cox has also identified only one of the defendants in this case; however, she has not provided a valid address so that the court may effect service of process upon any defendant, and the court provided a generous period during which to do so. As none of the defendants have been served with process, the defendants' motion for summary judgment will be granted for that reason, as well.

### Conclusion

Though the court acknowledges the physical and psychological ailments from which Ms. Cox suffers, she has provided nothing more than her bare allegations that any of the events she described occurred. In addition, she has not provided a valid address for any defendant; as such, the court cannot cause any defendant to be served, and the court cannot establish *in personam* jurisdiction. As such, the motion by the defendants for summary judgment will be granted, and this case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 10th day of February, 2015.

                                                                   **/s/ Sharion Aycock**
                                                                   **U.S. DISTRICT JUDGE**